UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY<br><br>Plaintiff,<br>vs.<br><br>ELAINE GREEN, Individually and As Personal Representative for the Estate of GIL LOPEZ, JR., THE BAILEY GROUP, INC., a/k/a THE BARONS, INC., f/k/a THE BARONS, INC., and TERRY BAILEY,<br><br>Defendants. | C.A. No.:<br><br>**COMPLAINT**<br>**(Non-Jury)** |

COMES NOW, the Plaintiffs above named, Auto-Owners Insurance Company ("Auto-Owners"), complaining of the Defendants above named, alleges and states that:

**Introduction, Jurisdiction, & Parties**

1. Auto-Owners is a corporation organized and existing under the laws of the State of Michigan qualified to do business in South Carolina, who was, at all times referred to herein, having its principal place of business in the State of Michigan.

2. Defendant, Elaine Green ("Green" and/or "Plaintiff") is, upon information and belief, a citizen and resident of Florence County, South Carolina. Upon information and belief, Gil Lopez, Jr. ("Decedent" and/or "Lopez") was a citizen and resident of South Carolina at the time of his death. Upon information and belief, Green has been appointed as the Personal Representative of the Estate of Lopez.

3. Upon information and belief, Defendant The Bailey Group, Inc., a/k/a The Barons, Inc., f/k/a The Barons, Inc. (hereinafter "Bailey Group"), is a corporation organized and existing

under the laws of South Carolina, which, at all times relevant thereto, owned property and transacted business in Florence County, South Carolina.

4. Upon information and belief, Defendant Terry Bailey ("Bailey") is a citizen and resident of Florence County, South Carolina.

5. Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Florence Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest. Upon information and belief, an actual case and controversy exists regarding the interpretation of an insurance policies sold by Auto-Owners to Bailey for which benefits are sought arising out of a lawsuit filed in Florence County, South Carolina as will be further explained *infra*.

6. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that the homeowners insurance policy at issue does not provide liability insurance coverage in the underlying lawsuits between Defendants.

7. Venue is proper in this Division pursuant to 28 USC § 1391(b)(1)-(2) as one or more Defendants reside in counties within this Division and the most substantial part of the events giving rise to this claim occurred in a county within this Division.

**The Policy**

8. Auto-Owners issued a homeowners insurance policy to Terry Bailey bearing policy number 49-051-739-00 (hereinafter referred to as the "Homeowners Policy") beginning in 2012. A policy renewal was issued on December 2, 2022, that was in effect from January 10, 2023, until January 10, 2024. The Homeowners Policy does not provide or extend coverage to the Bailey Group (A certified copy of the Homeowners Policy is attached as Exhibit A and incorporated

herein by reference). Bailey Group is not an insured under the policy. The Homeowners Policy was issued, formed, and delivered in South Carolina. The Homeowners Policy provides for a personal liability per occurrence limit of $300,000.

10. South Carolina law applies to the interpretation of the Homeowners Policy.

11. The Homeowners Policy states in relevant part:

**HOMEOWENRS POLICY – FORM 3**

**DEFINITIONS**

2. Bodily injury means physical injury, sickness or disease sustained by a person including resulting death of that person. Bodily injury does not include personal injury.

5. "Insured" means:

   a. **You**;
   b. **your relatives**;
   c. any other person under the age of 21 residing with **you** who is in **your** care or the care of a **relative**.

6. Insured premises means:

   a. The "residence premises";

11. Property Damage means damage to or destruction of tangible property including resulting loss of use of that property.

15. Residence premises means:

   a. The one or two family dwelling where you reside, including the building, the grounds and other structures on the grounds; or
   b. That part of any other building where you reside, including grounds and structures;

which is described in the Declarations.

**SECTION II – PERSONAL LIABILITY PROTECTION**

1. **Coverages**
a. Coverage E – Personal Liability
(1) We will pay all sums any insured becomes legally obligated to pay as damages because of or arising out of bodily injury or property damage caused by an occurrence to which this coverage applies.

**SECTION II – EXCLUSIONS**
**2. EXCLUSIONS**
a. **Coverage E – Personal Liability** does not apply:

(11) to bodily injury or property damage because of or arising out of a business owned or financially controlled by an insured or by a partnership or joint venture of which an insured is a partner or member. This exclusion does not apply to activities of an insured ordinarily incident to nonbusiness pursuits.

**Factual Allegations**

12. On June 19, 2024, Elaine Green, Individually and As Personal Representative for the Estate of Gil Lopez, Jr. commenced a lawsuit in Florence County, South Carolina styled as: Elaine Green , plaintiff, et al VS Bailey Group Inc, defendant, et al C/A. No.: 2024-CP-21- 01554 (hereinafter "the Initial Complaint") (A copy of the Initial Complaint is attached as Exhibit B). Bailey Group was the only named Defendant.

13. On April 22, 2025, the Initial Complaint was amended (hereinafter the "Underlying Lawsuit") (A copy of the Underlying Lawsuit is attached as Exhibit C). Included Defendants were Bailey Group and Bailey. The Underlying Lawsuit is adopted by reference as if fully set forth herein.

14. The Underlying Lawsuit alleges four causes of action against Bailey and Bailey Group, including: 1) Negligence; 2) Negligence *Per Se*; 3) Wrongful Death; and 4) Survival/Conscious Pain and Suffering.

15. The Underlying Lawsuit asserts that Terry Bailey and the Bailey Group were the owners and/or lessors of the property known as 418 Poplar Street, Apartment B, Florence, South Carolina ("the Property") in which Decedent Gil Lopez, Jr. was a tenant. The Underlying Lawsuit alleges Terry Bailey and the Bailey Group failed to adequately ensure the Property was readily equipped with preventative measures in the event of a fire.

16. On or about October 25, 2023, Decedent Gil Lopez, Jr., and his girlfriend were present at the Property when it became engulfed in flames and smoke, causing Mr. Lopez to sustain life-threatening injuries from which he ultimately succumbed on or about October 25, 2023 (the "Subject Incident").

17. The Underlying Lawsuit alleges that despite complaints made by Gil Lopez, Jr., to Terry Bailey and the Bailey Group prior to the Subject Incident, the Property did not possess back doors, adequate means of fire escape, or fire extinguishers, the absence of which was a "proximate cause of injuries and loss suffered" by Decedent and his beneficiaries. The Underlying Complaint further alleges that Bailey and the Bailey Group breached their statutory duties imposed by S.C. Code § 27-40-440 of the South Carolina Residential Landlord and Tenant Act.

18. Bailey and Bailey Group have been defended by Auto-Owners pursuant to a reservation of rights (A copy of the Reservation of Rights letters is attached as Exhibit D and E).

19. Auto-Owners now seeks declaratory relief that it is not required to defend or indemnify Bailey and/or the Bailey Group for the Underlying Lawsuit, because the Bailey Group is not an insured under the policy and the policy excludes coverage for Bailey.

20. Upon information and belief, no coverage exists under the Homeowners Policy arising out of the Subject Incident and allegations of the Underlying Complaint as the Homeowners Policy as Bailey and/or the Bailey Group rented the Property, as opposed to residing at such. Additionally, the Homeowners Policy expressly excludes coverage for "bodily injury or property damage because of or arising out of a business owned or financially controlled by an insured or by a partnership or joint venture of which an insured is a partner or member."

21. Auto-Owners brings this action seeking a declaration from this Honorable Court that it is under no duty or obligation, pursuant to the Homeowners Policy, to defend and/or indemnify either Bailey or the Bailey Group for any matters relating to the Underlying Lawsuits, or any judgment arising therefrom, and that the aforementioned endorsement is applicable and serves as an exclusion to coverage.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment Action)**

23. Auto-Owners re-alleges and re-avers the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

24. Auto-Owners is informed and believe that this Honorable Court has the power pursuant to 28 U.S.C. § 2201 to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

25. Upon information and belief, no coverage exists under the Homeowners Policy for the acts and/or omissions complained of by the Plaintiff against the Bailey and the Bailey Group in the Underlying Lawsuit, and Auto-Owners is therefore entitled to an Order and judgment declaring that it is under no duty or obligation, pursuant to the Homeowners Policy, to defend and/or indemnify the Bailey and/or the Bailey Group for any matter whatsoever relating to the Underlying Lawsuit, or any judgment arising therefrom.

WHEREFORE, Auto-Owners prays that this Honorable Court issue an Order declaring that it is under no obligation or duty to defend and/or indemnify Bailey and Bailey Group in any manner regarding the Underlying Lawsuit, or any judgment arising therefrom, and for such other and further relief as this Honorable Court may deem just and proper.

Dated this 17th day of August 2026.

WALL TEMPLETON & HALDRUP, P.A.

_s/Morgan S. Templeton_______________

Morgan S. Templeton (Fed ID # 7187)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
Telephone: (843) 329-9500
**Attorneys for the Plaintiff**